UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-18-B-W |
| | ) | |
| KATRINA WICKETT | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

On July 29, 2009, the Court sentenced Katrina Wickett to a term of incarceration of eighteen months, three years supervised release, and a $100 special assessment for making a false statement in the acquisition of firearms, a violation of 18 U.S.C. § 922(a)(6). On March 8, 2010, Ms. Wickett moved for a reduction of her sentence, asking the Court to place her in home confinement, so that she can be with her three children. *Mot. for Reduction of Sentence* (Docket # 67). The Government objects. *Resp. to Def.'s* Pro Se *Mot. for a Reduction of Sentence* (Docket # 68). Ms. Wickett replied. *Def.'s Reply* (Docket # 69).

The Court cannot grant Ms. Wickett's motion. To the extent the motion seeks to reduce sentence, the Court does not have the authority to do so. Federal law provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 n.13 (1st Cir. 2008). There are some limited exceptions, but none is applicable here. *See* Fed. R. Crim. P. 35(a) (allowing a trial court to correct an "arithmetical, technical, or other clear error," if the motion is filed within fourteen days after sentencing); Fed. R. Crim. P. 35(b) (allowing a trial court to reduce a defendant's sentence if the Government moves for a reduction); 18 U.S.C. § 3582(c)(1)(A) (allowing a sentence reduction if the Director of the Bureau of Prisons moves for one and only in strictly limited circumstances

not available here); 18 U.S.C. § 2255 (providing for a habeas corpus petition).[1]  To the extent the motion seeks an order directing the Bureau of Prisons to place Ms. Wickett in a particular facility or program, the authority to designate a place of confinement for federal prisoners rests with the Bureau of Prisons, not with the Court.  18 U.S.C. § 3621(b); *United States v. Guerrette*, 389 F. Supp. 2d 10, 12 (D. Me. 2005).

In her motion, Ms. Wickett says that she has been held in West Virginia, which is so far from her home in Maine that she has not been able to see her three children, that her mother is ill, that she has learned a life lesson, that she has grown both as a woman and spiritually, has remained on good conduct, has become more focused and mature, has taken multiple courses, and has aspirations to complete school and open a business upon her release.  The Court takes Ms. Wickett at her word, congratulates her on her progress during her incarceration, and wishes her well upon her release.  But, her achievements during incarceration will have to be their own reward.  The Court cannot either reduce or revise her sentence as she requests.

The Court DENIES Katrina Wickett's Motion for Reduction of Sentence (Docket # 69).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2010

---

[1] Ms. Wickett later clarified that she is not seeking a reduced sentence, but a revised sentence.  The Court does not have the authority to order her to home detention whether such an order would be considered a reduction or a revision.